ORLANDO DAVIS *v.* MATTIE J. LUMPKIN AND HUSBAND.

COSTS.     *Taxed against husband, when formal complainant.*

 Under sect. 1783 of the Code of 1871, which provided that " the husband and wife may sue jointly, or, if the husband will not join her, she may sue alone, for the recovery of any of her property or rights," it was optional with the husband to join in such suit; and where he chose to do so, he made himself liable, upon failure in the suit, to be taxed with the costs, as any other party would be.

MOTION in Supreme Court.

Mattie J. Lumpkin and her husband, O. H. Lumpkin, filed a bill in chancery against Orlando Davis, to assert her rights to certain property claimed as her separate estate. The Chancery Court rendered a decree against Davis, and he appealed to this court. That decree was reversed and the cause remanded, and the costs of the appeal were taxed against both Lumpkin and his wife. Thereupon he made a motion to correct the decree of this court so that he should be relieved of liability for the costs taxed, upon the ground that he only joined in the suit for conformity with the statute, and has no personal interest in the litigation.

*E. M. Watson*, for the motion.

Sect. 1783 of the Code of 1871 requires the husband to be joined with the wife in a suit concerning her property or rights, unless he refuses. The husband has no interest in the litigation, or in the property if recovered. He does not bring the suit, and is not responsible for it. He is a non-litigant, coming into court only at the instance of the statute, and his joining in the suit does not increase the costs. This court has held that where the husband is sued with the wife no judgment can be rendered against him. It seems to me that such a case is exactly similar to this one.

*Orlando Davis*, contra.

O. H. Lumpkin himself put the machinery of the courts in motion, and thereby occasioned all of the costs in this case. But he says that he was not interested. Even if that were so, will this court permit a party to bring a suit, carry on expensive litigation, and, on failure, to escape liability from costs by setting up a want of interest. Lumpkin was, however, deeply interested. He had all the interest that any husband could have in his wife's realty, under the laws of this State.

The cases of *Bacon* v. *Bevan*, 44 Miss. 293; *Mallet* v. *Parham*, 52 Miss. 921; *Cook* v. *Ligon*, 54 Miss. 368, and *Travis* v. *Willis*, 55 Miss. 557, were all suits in which the

husband was a defendant, and not, as in this case, a complainant.

CAMPBELL, J., delivered the opinion of the court.

It was optional with the husband, to join in the suit, and, having become a co-complainant, he was liable to have the costs adjudged against him as against any other party.

In actions brought by virtue of sect. 1783 of the Code of 1871, against the wife and her husband, to enforce a demand " for which her individual property is liable," in which he is a party, not by his own act, but because of the legal requirement that he shall be, no judgment can be rendered against him ; but where he joins his wife in instituting a suit, the fact that the object of the suit is to enforce a right of the wife does not relieve him from liability to costs as a party.

Motion denied.